**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TIM and VALERIE WILLARD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-46-SLP |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | District Court of Oklahoma County |
| COMPANY and ROD C. CHEW | ) | Case No. CJ-2024-7830 |
| INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| JAMES E. BLACK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-54-SLP |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | District Court of Oklahoma County |
| COMPANY and RANDALL YOUNG | ) | Case No. CJ-2024-7827 |
| INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| VERNON HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-58-SLP |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | District Court of Oklahoma County |
| COMPANY, CURTIS L. DAVIDSON | ) | Case No. CJ-2024-8002 |
| a/k/a ERIC DAVIDSON, an individual, | ) | |
| and ERIC DAVIDSON AGENCY LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ZACKARY[1] and ADRIENNE RILEY,    )
                                  )
        Plaintiffs,               )
                                  )
v.                                )    Case No. CIV-25-337-SLP
                                  )
STATE FARM FIRE AND CASUALTY      )    District Court of Oklahoma County
COMPANY and OANH STANGER          )    Case No. CJ-2025-1328
INSURANCE AGENCY, INC.,           )
                                  )
        Defendants.               )
_____  )
                                  )
JACOB GIERTZ,                     )
                                  )
        Plaintiff,                )
                                  )
v.                                )    Case No. CIV-25-355-SLP
                                  )
STATE FARM FIRE AND CASUALTY      )    District Court of Oklahoma County
COMPANY and JENNIFER LOWDER       )    Case No. CJ-2025-1132
INSURANCE AGENCY, INC.,           )
                                  )
        Defendants.               )
_____  )
                                  )
NEIL and LACY WEST,               )
                                  )
        Plaintiffs,               )
                                  )    Case No. CIV-25-388-SLP
v.                                )
                                  )    District Court of Comanche County
STATE FARM FIRE AND CASUALTY      )    Case No. CJ-2025-135
COMPANY and NANCY HOLCOMB         )
INS. AGENCY, INC.,                )
                                  )
        Defendants.               )
_____  )

---

[1] The state-court petition identifies the spelling of Plaintiff's first name as Zackary. The Notice of Removal spells the first name as Zackery. The Court has utilized the spelling as set forth in the state-court petition.

MOONG SIAN WONG-FAUST and
STEPHEN FAUST,                        )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )    Case No. CIV-25-442-SLP
STATE FARM FIRE AND CASUALTY          )
COMPANY, GRANT GINGERICH, and         )    District Court of Oklahoma County
GRANT GINGERICH INSURANCE             )    Case No. CJ-2025-1675
AGENCY, INC.,                         )
                                      )
        Defendants.                   )
_____      )
                                      )
STASHA MARTIN,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )    Case No. CIV-25-519-SLP
STATE FARM FIRE AND CASUALTY          )
COMPANY and BOBBY LEWIS INS.          )    District Court of Oklahoma County
AGENCY, INC.,                         )    Case No. CJ-2025-2627
                                      )
        Defendants.                   )
_____      )
                                      )
DUANE and SUE YOST,                   )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )    Case No. CIV-25-526-SLP
STATE FARM FIRE AND CASUALTY          )
COMPANY and MIKE TEAGUE,              )    District Court of Oklahoma County
                                      )    Case No. CJ-2025-2576
        Defendants.                   )
_____      )
                                      )

BILLY and LACY HURSH,

     Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, MARK D. WELTY, and
MARK D. WELTY INSURANCE
AGENCY, INC.,

     Defendants.

_____

MATTHEW ROSS DAVIS,

     Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, GRANT GINGERICH, and
GRANT GINGERICH INSURANCE
AGENCY, INC.,

     Defendants.

_____

Case No. CIV-25-529-SLP

District Court of Oklahoma County
Case No. CJ-2025-2626

Case No. CIV-25-630-SLP

District Court of Oklahoma County
Case No. CJ-2025-2883

## **O R D E R**

Before the Court are motions to remand filed in the eleven, above-styled cases,
addressed to the issue of whether one or more of the defendants have been fraudulently
joined. For the reasons set forth below, the Court CONSOLIDATES the cases for purposes
of addressing the motions to remand, GRANTS the motions, and DIRECTS that each case
be remanded to the appropriate State of Oklahoma district court.

# I.    <u>Introduction</u>

The cases identified above are among multiple state-court cases removed to this judicial district under the Court's diversity-of-citizenship jurisdiction in which one or more Oklahoma citizens have sued Defendant State Farm Fire and Casualty Company (State Farm).[2]  The cases arise from State Farm's denial of a homeowner's insurance claim for alleged roof damage resulting from a hail and/or wind storm.  The plaintiffs bring claims for (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) negligent procurement of insurance; and (4) constructive fraud and negligent misrepresentation.  The plaintiffs have named as additional defendants the insurance agency and/or insurance agent who procured the State Farm policy and whose citizenship is non-diverse.  As a consequence, a common dispute has arisen in these cases: did the plaintiff(s) fraudulently join the non-diverse agency and/or agent in an attempt to defeat federal subject matter jurisdiction?

The Court limits its fraudulent joinder analysis to Plaintiffs' claim for negligent procurement of insurance.  The Court specifically focuses on the following inquiry: whether an agent can be held liable under Oklahoma law[3] by representing that the insured would receive full replacement cost coverage as requested, knowing of the insurer's wide-

---

[2] In each of the cases, Plaintiffs are represented by common counsel.  And, in each of the cases, State Farm is represented by one of two different law firms.

[3] In a case in which subject matter jurisdiction is based on diversity of citizenship, the substantive law of the forum state governs.  *Talley v. Time, Inc*., 923 F.3d 878, 883 n. 2 (10th Cir. 2019).  Accordingly, the parties have addressed Oklahoma law in briefing their respective positions as to the possibility of Plaintiffs' right to recover.

spread scheme to unduly limit such coverage through, inter alia, its narrow coverage construction at claims handling.

In all of the cases, a formulaic state-court petition has been filed against State Farm. Thus, the Court finds it proper to issue a consolidated order as to the remand motions. The Court further finds that State Farm has not overcome the high hurdle to establish fraudulent joinder. These cases present uncertain legal issues which, coupled with the requirement that the Court resolve factual disputes in Plaintiffs' favor, require a remand.[4]

## II.    <u>Consolidation</u>

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact," a district court may consolidate the actions, join for hearing any or all matters at issue in the actions, or enter any other orders to avoid unnecessary costs or delays. Fed. R. Civ. P. 42(a). It is within the court's discretion to sua sponte order consolidation. *See, e.g., Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 592 (5th Cir. 2018); *Devlin v. Transp. Comms. Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999).

The Court finds consolidation of the above cases is proper as to the motions to remand. As set forth above, these motions arise from a formulaic petition and the bases for requesting remand are premised on common questions of law and fact involving the issues of fraudulent joinder and diversity jurisdiction. Moreover, the same counsel is

---

[4] The Court has not entered any previous rulings as to this formulaic petition. However, in cases involving similar allegations against State Farm, the Court has found a remand is proper. *See, e.g., Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp.3d 1244 (W.D. Okla. 2025).

involved on behalf of the respective parties and the parties' briefing submissions are substantially similar in each of the cases. And because the cases are in a procedurally similar stage, at the outset of litigation, there is no delay, confusion or prejudice that would result from consolidation. Under these circumstances, consolidation advances equity and judicial efficiency. *See Harris v. Illinois-California Express, Inc*., 687 F.2d 1361, 1368 (10th Cir. 1982) ("Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action."). Accordingly, the Court will proceed to collectively address the motions to remand. This Order will be filed in each case.

## III.    <u>Governing Standards</u>

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014). A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

If a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction under § 1332, such fraudulent joinder does not prevent removal. In such cases, the fraudulently joined defendant is ignored for the purpose of assessing complete diversity. *Dutcher v.*

*Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("When [fraudulent joinder] occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.").

The removing defendant faces a heavy burden of proving fraudulent joinder and all factual and legal issues are resolved in the plaintiff's favor. *Dutcher*, 733 F.3d at 988; *see also Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *2 (10th Cir. Apr. 14, 2000) (The Court must "resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." (citation omitted)). To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Id.*[5]

Under the "actual fraud" prong, a defendant must basically show that plaintiff "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177 at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano*, 2000 WL 525592 at *1 (cleaned up). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where

---

[5]State Farm argues that it has established fraudulent joinder under each of these prongs.

the action was commenced." *Id.* at * 2; *see also Dutcher*, 733 F.3d at 988 (the question of fraudulent joinder is not to be confused with whether "plaintiffs have stated a valid claim" against the allegedly fraudulently joined defendants); *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded.).

## IV.    <u>Factual Allegations</u>[6]

State Farm issued insurance policies to the named Plaintiffs (Plaintiffs).  In each of the cases, the named agent and/or insurance agency (Agents) procured the policy for Plaintiffs.  The Agents are "captive agents" for State Farm.[7]  The Agents solicit and market replacement cost homeowners insurance coverage to prospective insureds, including Plaintiffs.

Plaintiffs requested full replacement cost coverage from the Agents, given Oklahoma's extreme weather, that would fully cover the cost to replace damage to the property, without exclusion of any weather-related losses. The Agents did not inspect Plaintiffs' property, disclose any reasons why the property would be ineligible for the requested replacement cost coverage, or advise Plaintiffs that if the property had any defect or pre-existing damage, it would be excluded from replacement cost coverage.

---

[6] The referenced factual allegations are included in each of the petitions at issue.

[7] "A 'captive agent' is an agent who generally sells only one company's policies to insureds." *See, e.g., Miller v. Mill Creek Homes, Inc.*, 97 P.3d 687, 689 n. 1 (Or. App. 2004).

The Agents were aware that State Farm has a widespread and pervasive scheme whereby it denies or underpays claims, even when wind and/or hail damage is clearly shown, by using a narrow and limited definition of what constitutes "hail damage" that is absent from the face of the policy. The scheme includes State Farm's adjusters attributing wind and/or hail damage to a non-covered loss such as "wear and tear", "pre-existing damage" or a manufacturer defect, or misclassifying shingle damage as "granular loss."

Plaintiffs' homes were damaged by a specific weather event – a wind and/or hail storm or a storm involving tornadic activity. Plaintiffs submitted timely claims and, consistent with the alleged scheme, State Farm either: (1) found limited damage that fell below the policy deductible; (2) found no damage from the storm and attributed damage to a "preexisting condition"; or (3) found damage but not enough damage to warrant a full roof replacement. Conversely, with one exception, in every case Plaintiffs' contractors and/or adjustors found there was extensive damage and that a full roof replacement was necessary. In the excepted case, the plaintiff alleges that he had to replace his roof because State Farm mishandled his claim, and the plaintiff had to borrow against his 401(k) to do so.[8]

State Farm has treated each of the claims as covered by the respective policies. But according to Plaintiffs, in light of the pervasive scheme, any coverage provided by the policies is illusory. Plaintiffs allege that the Agents' negligent conduct included: failing to confirm their property met underwriting requirements; failing to conduct property

---

[8] *See Davis v. State Farm Fire & Casualty Co., et al*., Case No. CIV-25-630-SLP, Pet. [Doc. No. 1-6] at 20-21, ¶ 40.

inspections; failing to disclose pre-existing damage; and knowingly procuring coverage and/or renewing coverage that materially deviated from what Plaintiffs requested and that did not accurately reflect the replacement cost of the insured property.

## V.  Discussion

### A.  State Farm Has Not Met its Burden To Demonstrate Plaintiffs' Inability to Establish a Cause of Action for Negligent Procurement

Oklahoma law imposes a duty upon an insurance agent "to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance policies generally.'" *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (quoting *Swickey*, 979 P.2d at 269). But an agent has no duty "to advise an insured with respect to his insurance needs." *Id*. And there is no duty upon an insurer to provide an "adequate amount" of coverage. *Cosper v. Farmers Ins*. Co., 309 P.3d 147, 149 (Okla. Civ. App. 2013) (noting that the plaintiffs "did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount" and that "nothing in the record shows [the agent] played any part in setting a coverage limit"). Nonetheless, an agent must offer coverage for *needs that are disclosed by the insureds*. *Rotan*, 83 P.3d at 895 (emphasis in original).[9]

---

[9] The Court cites *Swickey, Rotan* and *Cosper* for their persuasive value. *See* Okla. Stat. tit. 20, § 30.5 ("No opinion of the Court of Civil Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in

State Farm argues that Plaintiffs' claims against the Agents for negligent procurement of insurance fail because they received the policy with the level of coverage they requested, they had full coverage to replace any qualified loss, and the cause of any alleged loss arose from the claim decision, not the terms of the policy. As set forth, Plaintiffs, conversely, contend the Agents knew that State Farm was engaged in a widespread scheme and misrepresented that Plaintiffs were getting the benefit of a full replacement cost policy, i.e., Plaintiffs contend the coverage as promised by the Agents was illusory.

In this Court's view, State Farm's attempt to definitively establish, for purposes of the fraudulent joinder analysis, that Plaintiffs received the policy they requested is simply premature. Factual questions exist as to the Agents' procurement conduct in relation to the scope of the insurance requested and promised, as compared to the insurance received, and the Agents' knowledge of and complicity in the alleged scheme. *Cf. Smoot*, 378 F.2d at 882 (finding joinder was fraudulent where the non-liability of the non-diverse defendant had been "established with *complete certainty upon undisputed evidence*" (emphasis added)); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (finding fraudulent joinder where the same proof alleged against the defendant and which appeared with "*complete certainty*" to be the sole basis of the plaintiff's claim was identical to proof

---

the official reporter."). To date, it appears the only Oklahoma law to address the contours of an agent's liability for negligent procurement is found in non-precedential opinions of the Oklahoma Court of Civil Appeals.

the Oklahoma Supreme Court had judicially determined in another case was insufficient to impose liability (emphasis added)).

In so finding, the Court underscores that at this stage, Plaintiffs need not establish entitlement to relief, but only a "reasonable basis" that their claim might succeed. *See Nerad,* 203 F. App'x at 913 ("A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.").  As the Tenth Circuit explained in *Dutcher*, this "does not mean that plaintiffs have stated a valid claim," "[b]ut the defendants needed to clear a high hurdle to prove something they have yet to prove, i.e., fraudulent joinder." *Id.*, 733 F.3d at 989.

Moreover, to the extent State Farm submits argument regarding "industry-defined roles" and "industry standards" to demonstrate the limited scope of the Agents' duties, such argument suggests a pretrial of the merits and leans toward requiring "an intricate analysis of state law." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013).  But the Tenth Circuit has instructed that when a claim can only be dismissed under such circumstances, it is "not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)).

As a final observation, the district judges in this judicial district have reached differing conclusions as to whether an agent can be held liable based on the allegations of the formulaic petition. *Compare Maher v. State Farm Fire & Cas. Co.*, No. CIV-25-81-PRW, 2025 WL 1909507 at *3 (W.D. Okla. July 10, 2025) (rejecting State Farm's argument that plaintiffs could not establish causation or damage as to negligent

13

procurement claim because the plaintiffs "did in fact have full coverage to replace qualifying roof damage and State Farm simply denied a claim" and finding that "open questions remain" as to the agent's "role in the procurement of the policy" and the agent's "knowledge of a widespread scheme to shortchange insured parties when making claims for hail damage, and more"); *Pruitt v. State Farm Fire & Cas. Co*., No. CIV-25-43-D, 2025 WL 1030353 at *4 (W.D. Okla. Apr. 7, 2025) (finding that "State Farm has failed to establish with complete certainty that Plaintiff cannot establish a negligent procurement claim against [the agent] in state court") *with Weichbrodt v. State Farm Fire & Cas. Co*., No. CIV-25-360-R, 2025 WL 1848819 at *3 (W.D. Okla. July 2, 2025) (finding plaintiff had no "possibly viable claim" against the agent for negligent procurement of insurance because her damages "flowed from State Farm's allegedly improper interpretation of her policy and adjustment of her claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit").   The Court is certainly aware of these differing conclusions and has duly considered them.  Indeed, the parties have "kept score" in each of the cases in their various submissions to the Court, including the filing of notices of supplemental authority.[10]

The very fact of these differing conclusions lends support to the decision to remand as it is indicative of "uncertain legal issues" which must be resolved in favor of Plaintiffs.

---

[10] There are multiple other decisions where differing conclusions have been reached, in actions not involving the form petition, but addressing similar claims based on similar factual allegations.  The parties have apprised the Court of these decisions and the Court has considered them as well.

Certainly, if the lack of any possibility of recovery against the agents could be established with "complete certainty," it is doubtful such a split of authority would exist.

In sum, there is no definitive controlling precedent from the Oklahoma courts that would negate the possibility of a negligent procurement claim in the factual context raised. Accordingly, the Court concludes that Plaintiffs' inability to prevail on any such claim against the Agents cannot be established with "complete certainty."

**B.    There is No Actual Fraud in the Pleading of Jurisdictional Facts**

The Court further finds State Farm has failed to establish actual fraud in the pleading of jurisdictional facts.  State Farm primarily bases this argument on the fact that the Petition at issue is formulaic and used in multiple cases brought against State Farm.  But the fact that Plaintiffs' claims are premised on the existence of a widespread scheme by State Farm dispels that the use of a formulaic petition, in and of itself, demonstrates actual fraud.  And each of the petitions include unique factual allegations demonstrating the specific alleged harm suffered by each plaintiff.  Under these circumstances, the Court declines to find actual fraud in the pleading of jurisdictional facts.

**VI.    <u>Conclusion</u>**

In sum, State Farm removed each of the actions consolidated for purposes of this remand order, asserting Plaintiffs fraudulently joined Agents, non-diverse defendants – and therefore, State Farm was required to show that Plaintiffs have no possibility of recovering against Agents on one of the two theories of recovery asserted: (1) negligent procurement;

and (2) constructive fraud and negligent misrepresentation.[11]  State Farm's arguments in opposing remand are based on issues that are not capable of summary determination by the Court.  Because State Farm has failed to meet its burden to show fraudulent joinder, the Court lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that in each of the eleven cases under consideration, the motion to remand is GRANTED.[12]

IT IS FURTHER ORDERED that all eleven cases are REMANDED to the appropriate State of Oklahoma district court.[13]

IT IS FURTHER ORDERED that the Clerk of Court is directed to take all actions necessary to effect the remand.

---

[11] The Court concludes State Farm has failed to meet its burden as to Plaintiffs' negligent procurement claim and, therefore, need not further address the constructive fraud claim.  *See, e.g., Montano*, 2000 WL 525592 at * 2  ("[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable.").

[12] To the extent a request for attorney fees has been made, *see* 28 U.S.C. § 1447(c), the Court finds each party shall bear their own attorney fees, costs and expenses incurred as a result of the removal and remand.  State Farm had an objectively reasonable basis for the removal and no unusual circumstances warrant an award of fees.  *See Martin v Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  The Court notes that in requesting attorney fees in one of the cases, *Riley, et al. v. State Farm Fire & Cas. Co., et al*., No. CIV-25-33-SLP, Plaintiffs attach as an exhibit to their Motion letters sent to opposing counsel.  *See id*. Doc. No. 15-3.  While the Court did not consider this exhibit, the parties are reminded of Section 3.1(e) of the Oklahoma Bar Association Standards of Professionalism which provides: "[u]nless specifically permitted or invited by the court, copies of correspondence between counsel will not be sent to a judge or administrative agency."

[13] Any pending motions that remain are properly addressed by the state court on remand as this Court lacks jurisdiction to consider the motions.  *See, e.g., Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (vacating district court's post-removal substantive rulings where it lacked diversity jurisdiction because "it had no power to rule on any substantive motions").

16

IT IS SO ORDERED this 21st day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE